# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1168V
Filed: November 20, 2017
UNPUBLISHED

| | |
|---|---|
| E.D., by and through his parent and natural guardian, CHELSIE MANN,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>            Respondent. | Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Rotavirus Vaccine; Intussusception |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Voris Edward Johnson, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 20, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that E.D. suffered an intussusception as a result of a rotavirus vaccination on February 18, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On November 18, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for intussusception. On November 20, 2017, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded certain compensation. Proffer at 1-2. In the Proffer, respondent represented that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

petitioner agrees with the proffered award.  *Id.* at 2.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards** the following compensation:

**A.   A lump sum of $100,000.00 in the form of a check payable to petitioner, as guardian/conservator of E.D.'s estate. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner, as guardian/conservator of E.D.'s estate, is entitled.**

**B. A lump sum payment of $9,487.84, representing compensation for satisfaction of a State of Indiana Medicaid lien, payable jointly to petitioner and:**

**MDwise Inc.
Attn: Eric Essley, Vice President and Assistant General Counsel
1200 Madison Avenue, Suite 400
Indianapolis, IN 46225
Reference: Easton Davis/MDwise**

**Petitioner agrees to endorse this payment to MDwise Inc.**

This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| E.D., by and through his parent and natural guardian, CHELSIE MANN,  )<br>  )<br>Petitioner,  )<br>  )<br>v.   )<br>  )<br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,  )<br>  )<br>Respondent.  ) | No. 16-1168V (**ECF**)<br>Chief Special Master Dorsey |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On November 17, 2016, respondent filed her Rule 4(c) Report, in which he recommended that the Court find petitioner Chelsea Mann, as parent and natural guardian of E.D., entitled to compensation, and on November 18, 2016, the Court entered its Ruling on Entitlement, finding petitioner entitled to compensation. Respondent now proffers that petitioner receive an award consisting of the following:

A. A lump sum of **$100,000.00** in the form of a check payable to petitioner, as guardian/conservator of E.D.'s estate. This amount represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which petitioner, as guardian/conservator of E.D.'s estate, is entitled.[1]

---

[1] Should E.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

1

B.  A lump sum payment of **$9,487.84**, representing compensation for satisfaction of a State of Indiana Medicaid lien, payable jointly to petitioner and:

> MDwise Inc.
> Attn: Eric Essley, Vice President and Assistant General Counsel
> 1200 Madison Avenue, Suite 400
> Indianapolis, IN 46225
> Reference: Easton Davis/MDwise

Petitioner agrees to endorse this payment to MDwise Inc.

Petitioner agrees with the proffered award described in paragraphs A and B, above.[2]

Petitioner further agrees that no payment shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of the estate of E.D. under the laws of the State of Indiana.  If petitioner is not authorized by a court of competent jurisdiction to serve as the guardian/conservator of the estate of E.D. at the time a payment pursuant to the Court's judgment is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of E.D. upon submission of written documentation of such appointment to the Secretary.

> Respectfully submitted,
>
> CHAD A. READLER
> Principal Deputy Assistant Attorney General
>
> C. SALVATORE D'ALESSIO
> Acting Director
> Torts Branch, Civil Division

---

[2]  This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

                                            CATHARINE E. REEVES
                                            Deputy Director
                                            Torts Branch, Civil Division

                                            HEATHER L. PEARLMAN
                                            Assistant Director
                                            Torts Branch, Civil Division

                                            <u>/s/ Voris E. Johnson, Jr.</u>
                                            VORIS E. JOHNSON, JR.
                                            Senior Trial Attorney
                                            Torts Branch, Civil Division
                                            U.S. Department of Justice
                                            P.O. Box 146
                                            Benjamin Franklin Station
                                            Washington, D.C. 20044-0146
                                            Tel.:  (202) 616-4136

Dated:  November 20, 2017